UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PAULETTE BAKER

        Plaintiff,          Case No. 06-12189

vs.          HON. PAUL V. GADOLA
        U.S. DISTRICT JUDGE

        HON. STEVEN D. PEPE
JO ANNE B. BARNHART,          U.S. MAGISTRATE JUDGE
COMMISSIONER OF SOCIAL SECURITY,

        Defendant.
_____/

**REPORT AND RECOMMENDATION**

**I.    BACKGROUND**

Paulette Baker brought this action under 42 U.S.C. §405(g) to challenge a final decision of the Commissioner denying her application for Disability Insurance Benefits (DIB) under Title II of the Social Security Act. Both parties have filed motions for summary judgment which have been referred for report and recommendation pursuant to 28 U.S.C. §636(b)(1)(B) and (C). For the reasons stated below, IT IS RECOMMENDED that Plaintiff's motion for summary judgment be GRANTED and Defendant's motion for summary judgment be DENIED and this matter be remanded for further proceedings.

    **A.    Procedural History**

Plaintiff filed an application for DIB on March 14, 2003, alleging disability beginning May 20, 2000, due to asthma, shortness of breath, chest pain caused by walking or standing for extended

periods of time (R. 67, 89).[1]  On October 12, 2005, following a August 22, 2005, hearing, before Administrative Law Judge Bennet Engelman (ALJ), Plaintiff's application was denied (R. 16- 20). For reasons stated below, it is significant that no vocational expert appeared or testified at Plaintiff's hearing.  The Appeals Council denied Plaintiff's request for review (R. 5-7).

Because the recommendation in this matter is based upon the fact that, as discussed below, ALJ Engelman's sole reliance on the Medical Vocation Guidelines (the "Grid") is misplaced where his residual functional capacity finding included limitations which appear to preclude essentially all of the strength requirements for light work, a summary of the medical records and testimony in the record below is not needed and is not provided.  Further, ALJ Engelman's summary of the medical records in this matter is thorough and undisputed – it is only his interpretation and application of those records that is disputed by Plaintiff.

### B. The ALJ's Decision

ALJ Engleman found that Plaintiff met the non-disability requirements and was insured for benefits from May 20, 2000 (the date of the denial on the prior application) through December 31, 2003 (R. 16).

Plaintiff had severe impairments of asthma, coronary artery disease and hypertension, but these impairments did not meet or medically equal any listed impairment in Appendix 1, Subpart P, Regulation No. 4 (R. 23).

Plaintiff's allegations regarding her limitations were not totally credible and she had the residual functional capacity (RFC) for light work performed in a controlled environment relatively

---

[1] A prior application for DIB was file denied on May 20, 2000 and unsuccessfully appealed to this Court (R. 16, 40-51).  That ALJ's decision was dated May 17, 2000.  Plaintiff's current application claims disability as of May 20, 2000.

free from dust, smoke or fumes, no temperature or humidity extremes, low stress and no prolonged walking, standing or lifting (R. 24).

Plaintiff was unable to perform her past work, was closely approaching advanced age, had a high school education and had no transferrable skills.

Plaintiff's RFC allowed her to perform substantially all of the full range of light work and the Grid, specifically Vocational Rule 202.13, would direct a conclusion of not disabled.  Further, Plaintiff's capacity for light work was substantially intact and was not compromised by any non-exertional limitations.  Using Vocational Rule 202.13 as a "framework for decision-making", ALJ Engelman's found that Plaintiff was not disabled.  Yet, ALJ Engelman actually used Vocational Rule 203.13 as more than a framework.  He notes: "[w]hen all of the criteria of a Medical vocational Rule are met, the existence of occupations in the national economy is met by administrative notice" (R. 22).  He used the Grid to direct his finding of non-disability.

## II.   ANALYSIS

### A.   Standard Of Review

In adopting federal court review of Social Security administrative decisions, Congress limited the scope of review to a determination of whether the Commissioner's decision is supported by substantial evidence.  *See* 42 U.S.C. § 405(g); *Sherrill v. Sec'y of Health and Human Servs.*, 757 F.2d 803, 804 (6th Cir. 1985).  Substantial evidence has been defined as "[m]ore than a mere scintilla;" it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (*quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).  The Commissioner's findings are not subject to reversal merely because substantial evidence exists in the record to support a different conclusion.  *Mullen v. Bowen*,

800 F.2d 535, 545 (6th Cir. 1986) (*citing Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984).

Thus, there must be substantial evidence that plaintiff has a residual functional capacity to perform at the light exertional level before Grid Rule 203.13 can be used to direct a finding. When a claimant has non-exertional impairments, such as a pain that causes restrictions in the ability to sit, stand or walk, or to undertake certain postures or environmental restrictions the Grid cannot be used to direct a finding. *Wages v. Secretary of HHS*, 755 F.2d 495, 498-99 (6th Cir. 1985).

*Kimbrough v. Secretary of HHS*, 801 F.2d 794, 796 (6th Cir. 1986), held that the grid could be used to direct a finding only when a claimant can perform a full range of work at the appropriate residual functional capacity level. *Cole v. Secretary of HHS*, 820 F.2d 768, 771-72 (6th Cir. 1987), noted that the grid could not direct a finding when non-exertional limitations significantly limited the range of work that a claimant could perform. Other courts have clarified that an exertional limitation does significantly limit the range of work when an applicant is not able to "perform substantially all of the activities in a given category of exertional requirements. *Carter v. Heckler*, 712 F.2d 137, 142 (5th Cir. 1983).

### B. Factual Analysis

Plaintiff argues that ALJ Engelman, in finding that she could perform light work, failed to take into consideration her ability to perform light work on a "regular and continuing basis", which is defined in S.S.R. 96-8p as eight hours per day, five days per week. Plaintiff argues that her asthma flare-ups and inability to stand for long periods of time interfere with her ability to perform substantially all of the requirements of light work for eight hours per day, five days per week.

ALJ Engelman's decision that Plaintiff was not disabled was based on his findings that (a.) Plaintiff had the RFC for light work in a controlled environment relatively free from dust, smoke

or fumes, no temperature or humidity extremes; low stress and no prolonged walking, standing or lifting; (b.) using the Grid as a framework for decision making, Vocational Rule 202.13 directed a finding of not disabled; and (c.) Plaintiff's non-exertional limitations did not substantially impact this finding (R. 24).[2]

Vocational Rule 202.13 indicates that a person closely approaching advanced age, with at least a high school education, whose previous work experience was unskilled and whose maximum sustained work capability is restricted to light work is not disabled.  20 C.F.R. Pt. 404, SubPt. P, App. 2, Rule 202.13.

> The rules of Appendix 2 [the Medical-Vocational Guidelines] use exertional capabilities (i.e., those required to perform the primary strength activities) to identify maximum sustained work capability. Under each rule, the capability considered is limited to that necessary to perform sustained work on a regular basis at the particular level of exertion.
> The rules within a table are based on the same RFC. In each rule, the remaining exertional capabilities must be sufficient to allow performance of substantially all (nearly all) of the primary strength activities defining the particular level of exertion (i.e., sedentary, light, or medium). . . . .

S.S.R. 83-10 (Work Capability as Established by RFC Alone–the Occupational Base).

Light work is defined by the regulations as:

. . . lifting no more than 20 pounds at a time with frequent lifting or carrying of

---

[2] Though the "grid is not fully applicable when the claimant suffers from a nonexertional impairment such as an environmental restriction" or a mental limitation, it can be used as a "framework for consideration of how much the individual's work capability is further diminished in terms of any types of jobs that would be contraindicated by the nonexertional limitations." *Damron v. Secretary of Health and Human Services*, 778 F.2d 279, 282 (6th Cir. 1985).  Further, the Regulations provide for the possibility that an ALJ, as here, may use the Grid where "the conclusion directed by the appropriate rule in Tables No. 1, 2, or 3 would not be affected" despite the existence of nonexertional limitations because "it is clear that the additional limitation or restriction has very little effect on the exertional occupational base. . . "  S.S.R. 83-14 (The Disability Determination or Decision Based on a Combination of Exertional and Nonexertional Impairments).

>objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities.

20 C.F.R. § 404.1567(b).

The Regulations further qualify this definition:

>"Frequent" means occurring from one-third to two-thirds of the time. Since frequent lifting or carrying requires being on one's feet up to two-thirds of a workday, the full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday. Sitting may occur intermittently during the remaining time. The lifting requirement for the majority of light jobs can be accomplished with occasional, rather than frequent, stooping. Many unskilled light jobs are performed primarily in one location, with the ability to stand being more critical than the ability to walk. They require use of arms and hands to grasp and to hold and turn objects, and they generally do not require use of the fingers for fine activities to the extent required in much sedentary work.

SSR 83-10 (Glossary).

Therefore, the primary strength activities defining "light work" are:

(a.)  lifting no more than 20 pounds at a time
(b.)  frequent (one-third to two-thirds of the time) lifting or carrying of objects weighing up to 10 pounds, which involves standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday with sitting occurring intermittently during the remaining time, or
(c.)  very little weight lifted but a good deal of walking or standing, or
(d.)  sitting most of the time with some pushing and pulling of arm or leg controls.

For the purposes of determining whether the criteria of a rule are met, i.e. whether a claimant can perform substantially all of the strength requirements, the Commissioner "considers 'substantially all' to mean essentially all as opposed to 'in the main' or 'for the most part.' " S.S.R. 83-11 (Policy Statement). Therefore, the main point of contention raised by Plaintiff's counsel is whether Plaintiff can perform essentially all of the strength activities of light work, as ALJ Engelman's finding presumes.

Plaintiff's RFC includes a restriction against prolonged walking, standing or lifting. These limitations preclude essentially all but the last set of strength activities listed above for light work. It is quite possible, and in fact probable based on past experience in these matters, that there are a substantial number of jobs in the economy that a hypothetical person of Plaintiff's age and RFC could perform in this last category. Yet, on the present record, with no vocational testimony or other suitable vocational evidence to support a finding of fact to this effect, this determination cannot be made based solely on the Grid. There is not sufficient evidence on this record that Plaintiff can perform a full or wide ("substantially all") range of light work to allow the ALJ's decision to be governed by the Grid alone. Therefore, on the present record, ALJ Engelman's finding that Plaintiff's "capacity for light work is substantially intact and has not been compromised by any non-exertional limitations" (R. 24) is not supported by substantial evidence and this matter be remanded for further proceedings.[3]

### III. RECOMMENDATION

For the reasons stated above, IT IS RECOMMENDED that Defendant's Motion for Summary Judgment be DENIED and Plaintiff's Motion for Summary Judgment be GRANTED and this matter be remanded for further proceedings.

---

[3] *Faucher v. Secretary of HHS*, 17 F.3d 171, 176 (6th Cir. 1994), and *Newkirk v. Shalala*, 25 F.3d 316, 318 (6th Cir. 1994), held that it is appropriate for this Court to remand for an award of benefits only when "all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." This entitlement is established if "the decision is clearly erroneous, proof of disability is overwhelming, or proof of disability is strong and evidence to the contrary is lacking." *Faucher* (citing *Mowery v. Heckler*, 771 F.2d 966, 973 (6th Cir. 1985)). As stated above, despite ALJ Engelman's misplaced reliance on the Grid, Plaintiff may still not be entitled to benefits because there exists a question of fact as to whether a substantial number of jobs may be available. Therefore, it is being recommended that this matter be remanded for further proceedings.

Either party to this action may object to and seek review of this Report and Recommendation, but must act within ten days of service of a copy hereof as provided for in 28 U.S.C. section 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981), *Thomas v. Arn*, 474 U.S. 140 (1985), *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that party might have to this Report and Recommendation. *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987), *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objection must be served upon this Magistrate Judge.


Dated: March 30, 2007                              s/Steven D. Pepe
Ann Arbor, Michigan                                United States Magistrate Judge


CERTIFICATE OF SERVICE

I hereby certify that on March 30, 2007, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system the will send notification of such filing to the following: Janet L. Parker, AUSA, Robert J. MacDonald, Esq., and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: Social Security Administration - Office of the Regional Counsel, 200 W. Adams, 30th. Floor, Chicago, IL 60606


                                                   s/James P. Peltier
                                                   Courtroom Deputy Clerk
                                                   U.S. District Court
                                                   600 Church St.
                                                   Flint, MI 48502
                                                   810-341-7850
                                                   pete_peltier@mied.uscourts.gov